[No. 5504-1. Division One. September 18, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. STEVEN
GALE CORNWALL, *Respondent.*

310

*Christopher T. Bayley, Prosecuting Attorney,* and *Betsy R. Hollingsworth, Deputy,* for appellant.

*Mark Leemon* of *Seattle–King County Public Defender,* for respondent.

JAMES, J.—A charge of first–degree assault against Steven Cornwall was dismissed for violation of his speedy trial rights as set forth in CrR 3.3.

The State appeals contending that Cornwall was brought to trial within 90 days of his preliminary appearance, which in his case was the applicable time limit under CrR 3.3. We agree and reverse the trial court dismissal.

Cornwall was arrested on December 4, 1976, on an assault charge and placed in the King County Jail. He made a preliminary appearance on December 6, 1976.[1] On December 7, 1976, a complaint was filed in district court charging Cornwall with second–degree assault. He remained in custody until December 22, 1976, when he was released on his personal recognizance following a preliminary hearing.

On December 27, 1976, the case was ordered bound over for trial in Superior Court with the conditions of Cornwall's release remaining in effect. An information was filed in Superior Court on December 30, 1976, charging Cornwall with assault in the first degree. On the same day, a warrant was issued for Cornwall's arrest and bail was set at $5,000.

---

[1] On appeal, both parties agree that to comply with CrR 3.3, the time within which trial must be commenced runs from this date.

Cornwall appeared for arraignment on January 3, 1977, but was not arrested on the warrant. On January 10, 1977, an attorney appeared for Cornwall and selected a trial date of February 28, 1977, 84 days after the preliminary appearance in district court. On that date, Cornwall's counsel also learned of the outstanding arrest warrant and notified Cornwall, who surrendered the following day. Cornwall's subsequent motion for personal recognizance release was denied and he remained in jail until trial on March 4, 1977—the 88th day after his preliminary appearance in district court.

Before trial, Cornwall moved for dismissal for violation of his speedy trial rights under CrR 3.3. He contended that his incarceration for more than 60 days prior to trial violated CrR 3.3. His motion was granted.

CrR 3.3 (Speedy Trial) reads, in pertinent part, as follows:

> **(b) Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.
> **(c) Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

The dispositive issue is whether Cornwall was a "defendant unable to obtain pretrial release" and thus entitled to the benefit of the 60–day time limit fixed by CrR 3.3. The State contends he was not. We agree.

■ The approved draft of the ABA Standards Relating to Speedy Trial § 1.1(b) (1968) gives preference to the trial of defendants "in custody." CrR 3.3 provides the same preference when it refers to defendants "unable to obtain pretrial release". When Cornwall's trial date was set for February 28, 1977, he was not in custody and was not, therefore, a defendant "unable to obtain pretrial release". Consequently, the court met its "responsibility . . . to

insure [Cornwall] . . . a speedy trial in accordance with the provisions of [CrR 3.3]." CrR 3.3(a).

When Cornwall surrendered himself on January 11, 1977, he was aware that his trial was set for February 28, 1977. He knew then that if not released, he would have been held for 66 days "following the preliminary appearance." He could have sought a trial date within the 60–day requirement of the rule. He did not do so.

■ There is no constitutional right to trial within a specific number of days. Rules such as CrR 3.3 are permitted but not constitutionally required. *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). In promulgating CrR 3.3, the Supreme Court exercised its rule–making power in aid of the constitutional imperative that there be prompt disposition of criminal cases. *State v. Goldthorpe,* 14 Wn. App. 268, 540 P.2d 455 (1975). The purpose of the rule is to insure speedy justice in criminal cases insofar as is reasonably possible. *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975). A delay of 88 days between Cornwall's preliminary appearance and the date of his trial neither violated the rule nor denied Cornwall his constitutional right to a speedy trial.

The judgment of dismissal is reversed and the case is remanded for trial.

ANDERSEN, A.C.J., and WILLIAMS, J., concur.

Reconsideration denied October 25, 1978.

Review denied by Supreme Court March 16, 1979.