[No. 2603-3. Division Three. October 24, 1978.]

JAMES ROBERT MCQUEARY, *Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

*McAdams & Schacht* and *Donald W. Schacht,* for appellant.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondents.

ROE, J.—In May or June 1976, while appellant was incarcerated in the county jail on a State of Washington hold, he was visited by two detectives from the State of California concerning a murder. The detectives indicated to him and to the Washington officials that they were interested in pursuing a first–degree murder charge against the appellant in California, but did not ask for his custody. On or about August 4, 1976, appellant McQueary pleaded guilty in Washington to the crime of first–degree assault while armed with a deadly weapon. After the plea of guilty and prior to the sentencing in September 1976, appellant was found guilty in federal court of interstate flight to avoid prosecution. On October 18, 1976, or somewhat over 2 months after the state plea, appellant was committed to the custody of the respondent State of Washington, having been sentenced to a maximum term of life imprisonment.

When appellant pleaded guilty in early August to the crime of assault, he requested in open court that he be allowed immediately to return to California to stand trial on the first–degree murder charge. At that time he had not been sentenced on the Washington charge and California had not yet requested him. In September of 1976, when he

appeared in federal court, appellant also informed the public defender and the court that he desired to waive extradition and return to California to stand trial. This also was before the sentencing on the state case.

He again requested at the time of the state sentencing in October 1976, that he be sent to California for trial. Appellant also asserts that he mailed a letter on or about January 24, 1977, to the California prosecutor demanding immediate transport for trial. The California authorities claim that only an empty envelope was received.

On April 1, 1977, California made a request for temporary custody of the appellant and arranged for transportation to take him to California for trial. The appellant received notice of the proposed transportation as provided by statute and moved to stay it pending a hearing on the appellant's petition for writ of habeas corpus.

All proceedings hereunder were made pursuant to the detainer act, RCW 9.100.010. He does not claim that Washington has violated the detainer act but claims that he has been denied his right to a speedy trial under the sixth amendment to the United States Constitution and the Constitution of the State of California. He asks this court to adjudge that California has deprived him of his constitutional right and thus not to honor the request for transportation to that state.

RCW 9.100.010 *et seq.* embodies a contract among several states, including California and Washington, called the Agreement on Detainers. It is the purpose of the agreement to encourage the expeditious and orderly disposition of outstanding charges against a prisoner incarcerated in other jurisdictions and to assist them in securing speedy trial. It provides that whenever a person has *entered upon a term of imprisonment* in the holding state and whenever during the continuance of the term of that imprisonment, there is pending in the demanding state any untried indictment on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after

he shall have caused to be delivered to the prosecuting officer and the appropriate court of the demanding jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information, or complaint. By making a request for trial in the demanding state, the prisoner waives extradition. The act also provides that for good cause shown in open court the prisoner, with his counsel being present, the court having jurisdiction in the matter may grant any necessary or reasonable continuance.

█ It will thus be seen that the operative rights of the prisoner do not arise under the detainer act until and after the accused has begun his term in the holding jurisdiction. This is for obvious reasons. It is unreasonable for the demanding state to expect custody of the defendant while the holding or asylum jurisdiction is engaged in the process of trying, presentence investigation, or sentencing him.

The Sixth Amendment right to a speedy trial is a relative right consistent with delays. *Beavers v. Haubert,* 198 U.S. 77, 49 L. Ed. 950, 25 S. Ct. 573 (1905). The essential ingredient is orderly expedition and not mere speed. *Smith v. United States,* 360 U.S. 1, 3 L. Ed. 2d 1041, 79 S. Ct. 991 (1959). The detainer act is designed for both the practical administration of justice and to grant the accused a speedy disposition of all outstanding charges. *Hystad v. Rhay,* 12 Wn. App. 872, 533 P.2d 409 (1975). Thus, under the detainer act, appellant's right to request to be transferred to California would begin only on October 18, 1976.

The appellant states on page 8 of his brief that there are statutory procedures under the uniform detainer act for requesting a speedy trial and that said request must be made within 180 days *after initially being detained.* We feel this is an incorrect statement of the law. The request would not ripen, would not be operative, and could not be acted upon within 180 days after being initially detained because, for various reasons, there might have been trials in the holding state. Rather, the 180 days, for obvious reasons,

is triggered *when* the defendant has been sentenced and begins his period of incarceration in the holding state.

The oral request at the time of the plea in August and at the time of the appearance in federal court in September were premature and could not start the running of the 180–day period. Actually, there has been no finding yet that the notice has been sent to the appropriate court by the appellant. Assuming he sent not merely an empty envelope but included therein a request on January 24, 1977, that he be tried within 180 days in California, as per his affidavit, the provisions of the act have been complied with. Before 180 days elapsed, or on or about April 1, 1977, California officials requested custody of the appellant and began proceedings to bring him to California to be tried on the murder charge. He then resisted and brought this action. Since the detainer act has been complied with, appellant's appeal must be dismissed.

While we do not feel it is necessary, nevertheless we address ourselves to the charge that appellant has been denied his rights under the sixth amendment to the United States Constitution. Reference is made to the case of *In re Jeffries,* 15 Wn. App. 302, 548 P.2d 594 (1976), which involved a case where defendant alleged he had been denied his speedy trial by the demanding jurisdiction's delaying obtaining extradition. The trial court considered the question and concluded that the accused's due process rights had been denied by the demanding state and sustained a writ of habeas corpus. This was reversed on appeal. The appeals court stated that the defendant's challenge to the extradition warrant was not directed to any of the recognized prerequisites to extradition but only to the due process question of speedy trial and held:

> We hold that the scope of inquiry permitted courts in an asylum state [Washington] in a habeas corpus proceeding incident to interstate rendition does not extend to consideration of an alleged denial of the right to a speedy trial. The locus for the settlement of such a question is the demanding state.

*In re Jeffries, supra* at 307. Review was denied by the Supreme Court.

■ In the case at bench, the position is the same. While the *Jeffries* case was concerned with the extradition act as opposed to the detainer act, nevertheless, the reasons for any ruling in reference to delay in speedy trial would be the same. In rejecting the defendant's claim in *Jeffries* and overruling the trial court, the appeals court commented that a determination of the question of due process involves the use of balancing tests and a consideration of several factors, including the length of delay, reason for the delay, whether the defendant asserted his rights, and prejudice to the defendant; this should be resolved in the demanding state. Many of the cases cited by the appellant in support of his position involve an interpretation in this state of the speedy trial rule under CrR 3.3 or similar transactions in other states. The significant thing about these authorities is that it is the demanding state or the state where defendant is being tried where these actions take place. None of them cover a case as in the instant case where the asylum state is asked to decide that a sister state in its procedure has violated its own constitution or the United States Constitution.

*In re Jeffries, supra,* is consistent with *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972), where the Supreme Court of the United States discussed the right to a speedy trial under the sixth amendment to the United States Constitution and held that a delay of over 4 years did not amount to a denial of the right, stating:

> We find no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months. The States, of course, are free to prescribe a reasonable period consistent with constitutional standards, . . .

*Barker v. Wingo, supra* at 523.

That court did not state how long is too long in a system where justice is supposed to be swift but deliberate. As a consequence there is no fixed *constitutional* point in the

criminal process when the State can put the defendant to the choice of either exercising or waiving the right to a speedy trial. The court commented that a defendant has no duty to bring himself to trial, nor is the defendant under a duty to demand a speedy trial at the expense of otherwise waiving his right thereto. The State has that duty as well as the duty of insuring that the trial is consistent with due process; but the court rejected an inflexible approach of a fixed time period because it goes further than the constitution requires. The approach was a balancing test in which the conduct of both the prosecution and the defendant are weighed. A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. In identifying some of the factors which should be considered in determining whether a particular defendant has been deprived of his rights the court mentioned the length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant.

We cannot fasten upon the courts of California our requirements of a 60– to 90–day trial under CrR 3.3. Whether appellant will have been denied a speedy trial in the California courts and under their process is for the California courts to determine, not the Washington courts. Significantly, California was not represented in the hearing in the trial court or in this court today.

The appeal is dismissed.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied November 6, 1978.

Review denied by Supreme Court March 2, 1979.