[No. 8977–3–I. Division One. February 8, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY
P. POULOS, *Appellant.*

*Rosemary Bordlemay* and *George Yeannakis* of *Seattle–
King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Deputy,* for respondent.

WILLIAMS, J.—This appeal from a judgment of convictions of second degree rape and two counts of second degree robbery raises issues concerning the right to a speedy trial under CrR 3.3, as amended November 17, 1978, and the Sixth Amendment and pretrial photographic identification procedures. We affirm.

ISSUES

ISSUE ONE. Did the trial court err in denying Poulos' motion to dismiss for violation of CrR 3.3 or his right to a speedy trial under the Sixth Amendment?

ISSUE TWO. Did the trial court err in denying Poulos' motion to suppress pretrial identification testimony under *State v. Thorkelson,* 25 Wn. App. 615, 611 P.2d 1278 (1980)?

DECISION AND GROUNDS

ISSUE ONE.

CONCLUSION: No. Poulos was unavailable for trial within the meaning of CrR 3.3(h), hence, the time for computing trial was when he was actually present in Washington. Furthermore, Poulos' Sixth Amendment right to a speedy trial was not violated because the delay was not oppressive or unreasonable.

 Our time for trial rule, CrR 3.3, is a tool to protect the integrity of the judicial process and is an additional safeguard against arbitrary, oppressive delay but does not purport to mark the bounds of the Sixth Amendment's speedy trial clause. *Federated Publications, Inc. v. Swedberg,* 96 Wn.2d 13, 633 P.2d 74 (1981). If a trial is postponed within the framework of the criminal rule, then the defendant must show violation of constitutional standards beyond delay itself to constitute denial of his Sixth

Amendment right. *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969); *State v. Wieman,* 19 Wn. App. 641, 577 P.2d 154 (1978).

■ CrR 3.3(h) provides that computation for a trial date will not commence until the defendant is actually present in the jurisdiction if, during his absence, the State demonstrates good faith and diligent efforts to obtain his presence. CrR 3.3(h); *State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978); *State v. Ponder,* 24 Wn. App. 105, 600 P.2d 609 (1979). Factors to be considered include: the time necessary for transporting the defendant back to Washington, administrative delays, and whether the defendant waived extradition. *State v. Hattori,* 19 Wn. App. 74, 573 P.2d 829 (1978).

The record in this case shows that the State exercised reasonable diligence by obtaining Poulos' presence in Washington within 8 weeks. This time necessary to extradite Poulos, therefore, falls within the "unavailability" exemption provided by CrR 3.3(h).

■ Poulos does not show that the period required for extradition violated the constitutional standard: whether, in all the circumstances, the delay was oppressive, unreasonable or prejudicial. *Mattoon v. Rhay,* 313 F.2d 683 (9th Cir. 1963); *State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473, *cert. denied,* 393 U.S. 970, 21 L. Ed. 2d 381, 89 S. Ct. 407 (1968). The Sixth Amendment right to a speedy trial is a relative right, consistent with delays; the essential ingredient is orderly expedition and not mere speed. *McQueary v. State,* 21 Wn. App. 658, 585 P.2d 1197 (1978). Four factors must be considered: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. *State v. Christensen, supra.* All circumstances considered, the 8–week period attributable to the extradition phase did not violate his Sixth Amendment speedy trial right because it was not unreasonable, oppressive or prejudicial.

Poulos was returned to Washington on January 27, 1980 and arraigned the next day, trial was set within the required 60 days and an appropriate extension was granted

by both attorneys' stipulation pursuant to CrR 3.3(g).

ISSUE TWO.

CONCLUSION: No. The court did not abuse its discretion in admitting evidence of the pretrial identification.

■ The use of a photographic identification procedure is not reversible error unless, under the totality of the circumstances, the procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 383–84, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968). This is the rule in Washington. *State v. Hoyt,* 29 Wn. App. 372, 628 P.2d 515 (1981); *State v. Burrell,* 28 Wn. App. 606, 625 P.2d 726 (1981); *State v. Schultz,* 27 Wn. App. 722, 627 P.2d 107 (1980). Insofar as *Thorkelson* suggested a per se rule of exclusion for photographic identifications, this court has modified its holding. *State v. Burrell, supra.*

Use of the photographic montage was not impermissibly suggestive and the trial judge correctly admitted the pretrial identification testimony within the bounds of his discretion.

Affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Reconsideration denied March 16, 1982.

Review denied by Supreme Court May 21, 1982.