[No. 5226-5-III. Division Three. April 19, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY LAMONT SMITH, *Appellant.*

*Steven Aycock,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Philip A. Meyers, Deputy,* for respondent.

THOMPSON, J.—Anthony Smith appeals his conviction of first degree possession of stolen property.

On March 15, 1982, at approximately 11:30 p.m., a witness observed a black man drive a car through a chain barrier surrounding a used car lot in Pasco. The witness observed the man get out of his car, climb into a car on the lot, and drive away. Later, the lot owner told police that a blue, 4–door 1977 Cadillac Fleetwood sedan had been stolen from the lot.

At 12:45 a.m. on March 16, a black man in a blue Cadillac pulled into a Pasco mini–mart. Two employees were working in the mini–mart. The man remained outside approximately 2½ to 3 minutes trying to work the gas pump. One of the store employees then waved the man into the store to pay for the gas. The man stood approximately 12 feet from the employee at the cash register and faced him for about 20 seconds. The other employee was about 15 feet away from the cash register toward the back of the

store. When a police car drove into the mini–mart parking area, the man walked out and disappeared, leaving the Cadillac behind.

Shortly thereafter a policeman arrived and the two employees gave him a description of the Cadillac driver: a black male, 6 feet tall, approximately 165 pounds, with a short afro and a short, or new, beard, wearing a brown leather jacket, a gray sweatsuit and black socks. At 5 a.m. on March 16, defendant Smith was arrested at the Greyhound bus station since he fit the description given by the store employees.

Two police officers prepared a photo montage of six black and white photographs of black males. Within 6 hours of the above described occurrence at the mini–mart, a police officer showed the montage to one of the employees. The employee could not positively identify any of the subjects in the montage, but stated numbers 3 and 5 could have been pictures of the man in the mini–mart.

March 17, within 36 hours of the event at the mini–mart, the police officers showed the montage to the other employee. Within 10 seconds the employee positively identified the subject in photo 5 (defendant) as the man at the mini–mart.

Defendant unsuccessfully moved to suppress the photo lineup on the grounds that (1) the photo lineup should be excluded since he was in custody, and (2) the lineup was impermissibly suggestive. At the trial, one employee positively identified defendant, and the other was not certain, but said the defendant resembled the man in the store. The jury found defendant guilty of first degree possession of stolen property.

■ Smith first contends that photo lineups are so inherently unreliable that postcustodial photo lineups should not be used absent extenuating circumstances. The use of a photographic identification procedure is not reversible error unless under the totality of the circumstances the procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misiden-

tification. *State v. Poulos,* 31 Wn. App. 241, 244, 640 P.2d 735, *review denied,* 97 Wn.2d 1018 (1982).

An objection that a photo lineup is impermissibly suggestive can be directed toward either the identification of the photo at the lineup or the identification of the defendant in court. The photo lineup itself may be impermissibly suggestive causing the witness to select the defendant's picture or, once having seen defendant's picture, the witness may identify a defendant in court based on having seen defendant's photo rather than having viewed the defendant at the scene of the crime. In either instance, the balancing test is set out in *State v. Cook,* 31 Wn. App. 165, 172, 639 P.2d 863, *review denied,* 97 Wn.2d 1018 (1982):

> The appellate court must balance the reliability of the witness against the harm of the suggestiveness, considering the totality of the circumstances. The court should consider certain factors in this process, including (1) the opportunity of the victim to observe the subject at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description, (4) the level of certainty at the confrontation, and (5) the length of time between the crime and the confrontation.

In *State v. Thorkelson,* 25 Wn. App. 615, 611 P.2d 1278, *review denied,* 94 Wn.2d 1001 (1980), the court held absent extenuating circumstances photographic identification procedures of an in–custody defendant should not be used. However, this ruling was modified in *State v. Burrell,* 28 Wn. App. 606, 625 P.2d 726 (1981). The *Burrell* court held that a per se rule of exclusion for a photo lineup did not exist. Instead, the court used the "impermissibly suggestive" standard. *State v. Hilliard,* 89 Wn.2d 430, 573 P.2d 22 (1977); *State v. Poulos, supra.*

The *Burrell* court stated at page 609:

> The identifications in *Thorkelson* were patently unreliable because the witnesses, who had little opportunity to observe the robber, were subjected to a photo identification procedure whose effect was almost certain to leave them with a recollection of the suspect based on Thor-

kelson's photograph rather than their original impressions.

Identification evidence should be suppressed only to prevent misidentification of suspects by witnesses. We reject defendant's request that we adopt a per se rule of exclusion. Such a rule would result in the exclusion of reliable lineups and would cause an unnecessary hardship upon police, witnesses, victims, and courts. A case–by–case application of the five criteria set out in *State v. Cook, supra,* provides the necessary safeguards.

Smith next contends the photo lineup here was so impermissibly suggestive that it gave rise to a substantial likelihood of irreparable misidentification.

The validity of a photographic identification procedure is a question of fact for the jury's determination and appellate courts will reverse only where the identification procedure is impermissibly suggestive. *State v. Lane,* 4 Wn. App. 745, 750, 484 P.2d 432, *review denied,* 79 Wn.2d 1007 (1971).

Application of the five factors in *State v. Cook, supra,* indicates the photographic montage was not impermissibly suggestive. The two employees had ample opportunity to observe the defendant Smith during the 3 to 4 minutes he was at the mini–mart. He was first observed outside at the pumps and was waved inside. Inside the station, he stood within 12 feet of one of the employees and was the only customer in the store. He was observed and held the witnesses' attention long enough to enable them to give an accurate detailed description to the police. Smith's behavior itself would capture a witness' attention since it is unusual for a person to drive a car into a station and walk away leaving it parked at the gas pump. One employee was certain at the photo identification session that Smith was the man in the store. The other employee was not certain but selected two photos and stated number 5 could have been the man in the store. One witness examined the photo lineup the day of the crime and the other the day after; in both instances, it was a relatively short period of time. Under the totality of the circumstances, the photo lineup

was not prejudicial.

Counsel argues not one photo contains all of the descriptive features of the defendant except number 5, which is the defendant. All of the suspects except number 1 have some facial hair and all also have short afros. The photographs in no way suggest which picture is the suspect. A sufficient number of pictures were included in the montage to test the witnesses' ability to make identification. Application of the five factors in *State v. Cook, supra,* and the totality of circumstances test indicate this lineup was not impermissibly suggestive.

We affirm.

MUNSON, C.J., and GREEN, J., concur.

Review denied by Supreme Court June 22, 1984.