[No. 14129-9-II.    Division Two.    July 27, 1992.]

THE STATE OF WASHINGTON, *Appellant,* v. JOAN H. PHILLIPS, *Respondent.*

*Arthur D. Curtis, Prosecuting Attorney,* and *James E. David, Deputy,* for appellant.

*Malcolm J. Bell,* for respondent.

MORGAN, J. — The State appeals dismissal of a first degree theft charge on speedy trial grounds. We reverse and remand.

On March 26, 1986,[1] the Clark County prosecuting attorney filed an information charging Joan H. Phillips with theft in the first degree committed between August 1982 and November 1984. A warrant for her arrest was issued the same day.

From March 1986 until late 1987, Phillips resided at 825 N.E. Second, Camas, Clark County, Washington. From late 1987 to the date of hearing, she resided at 2010 N.W. Sierra Lane, Camas, Clark County, Washington. There is nothing in the record to show that law enforcement authorities ever attempted to arrest her.

In September 1989, the defendant retained an attorney who inquired of the prosecutor's office regarding the status of the case. On January 23, 1990, the attorney cited the case onto the court's January 25, 1990, criminal docket.

On January 25, 1990,[2] Phillips voluntarily appeared before the court. Through counsel, she asked that the warrant be

---

[1] The findings of fact erroneously list this date as March 26, 1985. However, the record clearly shows that it should be March 26, 1986.

[2] The findings of fact erroneously list this date as January 24, 1990. However, the record shows that it should be January 25, 1990.

quashed and that she be placed on personal recognizance. The court granted both requests and proposed that arraignment be scheduled for February 2. Defense counsel asked that arraignment be delayed to February 16, and the court granted that request.

Phillips and her counsel next appeared on February 23, 1990. By then, the prosecutor and Phillips' counsel had discussed the possibility of placing Phillips in a diversion program. The judge and Phillips' counsel explained to her that if she wished to be interviewed for diversion, the case would be delayed "for another four to six weeks." Phillips agreed to be placed on diversion and signed a form stating that she waived (1) her right to speedy arraignment, (2) her right to trial within 90 days following arraignment, and (3) her constitutional right to speedy trial.

Phillips next appeared on March 30, 1990.[3] By then, she had been rejected for diversion, and on advice of counsel she withdrew the waivers made on February 23. She was arraigned and pleaded not guilty. She did not object to the date of arraignment as being untimely. The court set trial for June 4, 1990.[4]

In May, Phillips filed a motion to dismiss on speedy trial grounds. Relying on Superior Court Criminal Rule 3.3, she asserted that the court was required to try her within 104 days of March 26, 1986, the date on which she was charged; that it had failed to do so; and that she was therefore entitled to a dismissal with prejudice. She also asserted a violation of her constitutional right to speedy trial.[5]

---

[3]The findings of fact erroneously give this date as March 10, 1990. However, the record shows that arraignment actually took place on March 30, 1990.

[4]The findings of fact erroneously state that trial was set for June 27, 1990. However, the record clearly indicates that trial was actually set for June 4, 1990. The transcript from March 30 shows that the court originally suggested June 27 as a trial date, but Phillips' attorney had a scheduling conflict. After further discussion, the court and counsel agreed upon June 4, 1990.

[5]Neither party has seen fit to provide us with a verbatim report of the May 11 hearing. However, the memorandum of authorities that Phillips submitted to the trial court refers in several places to Phillips' constitutional right, so we deem her to have asserted that right.

The trial court granted her motion on the basis of CrR 3.3. It concluded that her right to speedy trial had been violated in 1986, and that her waivers had not been intended to cure any violation of speedy trial accruing prior to January 25, 1990. It dismissed the charge with prejudice, and the State now appeals.

The trial court's ruling that Phillips' waivers were not intended to obviate speedy trial violations accruing prior to January 25, 1990, was a reasonable one that we do not disturb. Therefore, we organize our discussion into three parts. The first is whether CrR 3.3 was violated before Phillips' first appearance on January 25, 1990. The second is whether CrR 3.3 was violated after her first appearance. The third is whether her constitutional right to speedy trial was violated.

I

The issue to be dealt with in the first part of our discussion is whether the time limits established by CrR 3.3 encompass the interval between filing and first appearance when the defendant is not in jail or on conditions of release. CrR 3.3 was extensively amended in 1980. 93 Wn.2d 1123 (1980). Since then, it has provided for a 14-day period for arraignment, a 60-day period for trial if the defendant is in jail or on conditions of release, and a 90-day period for trial if the defendant is not in jail or on conditions of release. CrR 3.3(c)(1). Further, it has provided that the time for trial will commence at arraignment or at the conclusion of the time for arraignment, whichever occurs earlier, CrR 3.3(c)(1), CrR 3.3(c)(4), absent waiver or other intervention by the court or parties. Thus, whether CrR 3.3 encompasses the interval between filing and first appearance turns on when the time for arraignment commences. The rule includes the described interval if the time for arraignment commences at filing. The rule does not include the described interval if the time for arraignment commences at first appearance.

Since 1980, CrR 3.3(c)(1) has stated when the time for arraignment commences in felony cases filed directly in superior court.[6] It provides:

> If the defendant is detained in jail or subject to conditions of release, the defendant shall be arraigned not later than 14 days after the date the information or indictment is filed directly in superior court. If the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment. A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment.

By its plain terms, CrR 3.3(c)(1) divides felony cases directly filed in superior court according to whether the defendant is or is not in jail or on conditions of release at the time that a charge is filed. If the defendant is in jail or on conditions of release, the time for arraignment runs from the date of filing. If the defendant is not in jail or on conditions of release, the time for arraignment runs from that date on which the defendant next appears before the court. *See also State v. Greenwood*, 57 Wn. App. 854, 790 P.2d 1243, *review granted*, 115 Wn.2d 1008 (1990). *But see State v. Thompson*, 57 Wn. App. 688, 790 P.2d 180, *review granted*, 115 Wn.2d 1008 (1990); *State v. Miffitt*,[7] 56 Wn. App. 786, 785 P.2d 850, *review denied*, 114 Wn.2d 1026 (1990).

In this case, Phillips was not in jail or subject to conditions of release when she was charged on March 26, 1986. Thus, if we apply CrR 3.3(c)(1) according to its plain terms,

---

[6]Throughout this opinion, we are concerned only with cases filed directly in superior court, as opposed to cases filed initially in district or juvenile court. *See* CrR 3.3(c).

[7]As we have in the past, *see Greenwood*, 57 Wn. App. at 859-60, we find *Miffitt* unpersuasive, because it departs from the express language of CrR 3.3.

the 14 days within which to arraign her started on the date on which she next appeared before the court. That date was January 25, 1990, and it follows that CrR 3.3 could not have been violated before that date.

Essentially, Phillips contends that we should not apply CrR 3.3(c)(1) according to its plain terms. Relying on *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976), she says that she should have been arraigned by April 9, 1986 (the 14th day after she was charged) and tried by July 8, 1986 (90 days after the last day for arraignment). The State responds by urging that *Striker*, a 1976 case, was superseded when CrR 3.3 was amended in 1980.

In *Striker*, an information was directly filed on January 19, 1976. 87 Wn.2d at 871. At that time, CrR 3.3(b) provided that if a person was not in custody, "[a] criminal charge shall be brought to trial within 90 days following the preliminary [first] appearance." 87 Wn.2d at 871. The defendant was not held to answer on the date of filing, and the date on which he subsequently made his first appearance is not set forth in the opinion. It can be deduced, however, that his first appearance must have occurred between February 3 and April 28, 1976, and that trial must have been set within 90 days thereafter. After April 28, defendant moved to dismiss on speedy trial grounds. The trial court denied the motion because it was "of the opinion that the only applicable date from which the time for trial must be calculated under CrR 3.3 is the date of the preliminary [first] appearance." (Footnote omitted.) 87 Wn.2d at 871.

The Supreme Court reversed and dismissed the charge. It held that when first appearance does not occur within a reasonable time after the filing of the information (*see State v. Peterson*, 90 Wn.2d 423, 427, 585 P.2d 66 (1978)), the 90-day period for trial is triggered not on the date of first appearance, as was then stated in the rule, but on the date of the filing of the information. 87 Wn.2d at 875, 877. The results in *Striker* were that more than a reasonable time

had elapsed between filing and first appearance; that trial had not been started within 90 days after filing; and that CrR 3.3 had therefore been violated.

■ For several reasons, we hold that *Striker* was superseded when CrR 3.3 was amended in 1980. First, a comparison of *Striker* and the plain wording of the 1980 amendments readily discloses that the two are in conflict when a defendant is not in jail or on conditions of release but there is unreasonable delay between filing and first appearance. *Striker* says that in those circumstances the time for trial commences on the date a charge is filed. As already seen, the 1980 amendments say that in those circumstances the time for arraignment (and indirectly the time for trial) commences on the date of the defendant's appearance that next follows the date on which a charge was filed. CrR 3.3(c)(1). *Striker* was decided in 1976, 4 years before the 1980 amendments, and a procedural court rule supersedes prior case law to the contrary. *Kelly v. Powell*, 55 Wn. App. 143, 149, 776 P.2d 996 (1989). Thus, *Striker* was superseded by the 1980 amendments to CrR 3.3.

■■ Second, *Striker* conflicts with the overall scheme of the 1980 amendments to CrR 3.3. A trial judge lacks the ability to provide a speedy trial until both the defendant and a charge are before the court. Due to separation of powers, the prosecutor controls the timing of the case until a charge is filed. Due to separation of powers, the police and prosecutor control the timing of the case until the defendant is apprehended. Thus, the earliest date on which a trial judge has plenary authority to control the timing of the case is that date on which the court first has simultaneous control over both the defendant and a charge.

Before 1980, CrR 3.3(a) imposed upon the trial judge the responsibility of providing trial within 90 days under circumstances in which the judge lacked control over a charge, the defendant, or both. As originally promulgated in 1973, CrR 3.3 appeared to require that the judge provide trial within 90 days of first appearance, whether or not a charge

had been filed.[8] 82 Wn.2d 1125-26 (1973). In 1976, *Striker* expressly required that the judge, when there was unreasonable delay between filing and first appearance, provide a trial within 90 days of filing, even though the court did not have the defendant before it. In 1978, an amended version of the rule required that the judge provide trial within 90 days of arrest, even though the court did not have either a charge or the defendant before it. 90 Wn.2d 1150 (1978); *State v. McIntyre*, 92 Wn.2d 620, 600 P.2d 1009 (1979). In varying circumstances and to varying degrees, each of these versions of the rule divorced the responsibility to provide speedy trial from the power needed to do that; and as a result, each arguably engendered dismissals that were unwarranted. *See, e.g., State v. McIntyre, supra.*

The overall scheme of the 1980 amendments was to re-couple the responsibility for providing speedy trial with the power needed to discharge that responsibility.[9] For cases filed directly in superior court, the core of those amendments was CrR 3.3(c)(1). When the four sentences of CrR 3.3(c)(1) are read together, its net effect is to trigger the time for arraignment, and indirectly the time for trial, on the earliest date on which the trial court has simultaneous

---

[8] The Supreme Court was required to solve this problem by judicially crafting an exclusion to the rule. The exclusion provided that time elapsing after preliminary appearance but while the defendant was not held to answer would not count for purposes of CrR 3.3. *State v. Parmele*, 87 Wn.2d 139, 550 P.2d 536 (1976); *State v. Elizondo*, 85 Wn.2d 935, 540 P.2d 1370 (1975).

[9] Interestingly, the federal speedy trial act, 18 U.S.C. § 3161 *et seq.*, adopts the same scheme as Washington's 1980 amendments. As the United States Supreme Court has observed:

The [federal] Speedy Trial Act requires that a criminal trial must commence within 70 days *of the latest* of a defendant's indictment, information, or appearance, barring periods of excludable delay.

(Italics ours.) *Henderson v. United States*, 476 U.S. 321, 326, 90 L. Ed. 2d 299, 306, 106 S. Ct. 1871 (1986) (citing 18 U.S.C. § 3161(c)(1)). This is equivalent to saying that the time for trial under the federal speedy trial statute commences on the earliest date on which the court has simultaneous control over both the defendant and a charge. Thus, the federal act, like Washington's 1980 amendments, is careful to couple the responsibility of providing a speedy trial with the concomitant authority to do that.

control over both the defendant and a charge.[10] Thus, if the court has the defendant in jail or on conditions of release, time for arraignment commences on the date a charge is filed, because it is that date on which the court first has simultaneous control over both the defendant and a charge. And if the court does not have the defendant in jail or on conditions of release on the date that a charge is filed, time for arraignment commences on the date of the defendant's appearance that next follows the filing of the charge, for again it is that date on which the court first has simultaneous control over both the defendant and a charge.[11] *Striker* contravenes this scheme because it requires that the trial judge schedule and hold trial within 90 days of the date on which a charge is filed, notwithstanding that the court has no control over the defendant during that period of time.

■ Third, *Striker* tends to defeat the purpose for which CrR 3.3 was adopted. The constitutional right to speedy trial requires trial within a reasonable time, *Barker v. Wingo*, 407 U.S. 514, 537, 33 L. Ed. 2d 101, 92 S. Ct. 2182

---

[10]Incidentally, this proposition shows why the unavailability exception which formerly appeared in CrR 3.3 was deleted in 1980. *See Thompson*, 57 Wn. App. at 693-94, and the cases collected there; *State v. Hunnel*, 52 Wn. App. 380, 760 P.2d 947 (1988); *State v. Hanson*, 52 Wn. App. 368, 760 P.2d 941, *review denied*, 111 Wn.2d 1030 (1988); *State v. Baxter*, 45 Wn. App. 533, 726 P.2d 1247 (1986), *overruled in part in State v. Hanson, supra*. If time for arraignment and trial is not to run before the earliest date on which the court has control over both the defendant and a charge, there is no need for an exception that would exclude time prior to that date, whether or not the defendant is unavailable. Compare CrR 3.3(d)(2), which expressly excludes time *after* arraignment when the defendant has interrupted the court's control over him by failing to appear as required.

[11]This scheme takes into account the situation in which filing precedes first appearance, and the situation in which first appearance precedes filing. When filing precedes first appearance, time for arraignment will be triggered at first appearance, for that is "that appearance in superior court which next follows the filing of the information". CrR 3.3(c)(1) (second sentence). When first appearance precedes filing, time for arraignment will be triggered on date of filing if the defendant is held in jail or on conditions of release up to that date. CrR 3.3(c)(1) (first sentence). If defendant is not held in jail or on conditions of release on date of filing, time for arraignment will be triggered on the date of "that appearance in superior court which next follows the filing of the information." CrR 3.3(c)(1) (second sentence).

(1972) (White, J., concurring); *State v. Poulos*, 31 Wn. App. 241, 243, 640 P.2d 735, *review denied*, 97 Wn.2d 1018 (1982); *State v. Rolax*, 3 Wn. App. 653, 656, 479 P.2d 158 (1970), *review denied*, 78 Wn.2d 996 (1971), and when determining whether a reasonable time has expired, a court must consider all the facts and circumstances of each particular case.[12] *Moore v. Arizona*, 414 U.S. 25, 26, 38 L. Ed. 2d 183, 185, 94 S. Ct. 188 (1973) (quoting *Barker v. Wingo*, 407 U.S. at 533); *United States v. MacDonald*, 435 U.S. 850, 858, 56 L. Ed. 2d 18, 26, 98 S. Ct. 1547 (1978); *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989); *Poulos*, 31 Wn. App. at 243; *Rolax*, 3 Wn. App. at 656. According to the United States Supreme Court, this gives the constitutional right to speedy trial an "amorphous quality" that makes it "slippery" and "more vague" than other procedural rights. *Barker*, 407 U.S. at 521-22, 33 L. Ed. 2d at 112. In short, the constitutional right is flexible but very uncertain. *See Strunk v. United States*, 412 U.S. 434, 438, 37 L. Ed. 2d 56, 61, 93 S. Ct. 2260 (1973).

CrR 3.3 is designed to supplement the constitutional right by providing "a degree of specificity not provided by . . . case-by-case analysis." *State v. Edwards*, 94 Wn.2d 208, 213, 616 P.2d 620 (1980). CrR 3.3 does that by defining speedy trial in terms of a specific number of days rather than reasonableness. *See State v. Cornwall*, 21 Wn. App. 309, 312, 584 P.2d 988 (1978), *review denied*, 91 Wn.2d 1022 (1979). It cannot succeed, however, unless *both* its trigger date and ending date are easily identifiable; to the extent that *either* depends on reasonableness, *i.e.*, upon case-by-case analysis, the gain

---

[12]In *Greenwood*, 57 Wn. App. at 860, we commented that the *Barker v. Wingo, supra,* balancing test included "the requirement of some prejudice to the defendant." That statement should be read to mean that the presence or absence of prejudice is a factor to be considered, *Barker v. Wingo*, 407 U.S. at 532, 33 L. Ed. 2d at 118, but not that the absence of prejudice automatically precludes a finding that the constitutional right has been violated. *Moore v. Arizona*, 414 U.S. 25, 26, 38 L. Ed. 2d 183, 185, 94 S. Ct. 188 (1973) (a court commits "fundamental error" by holding that in every instance "an affirmative demonstration of prejudice [is] necessary to prove a denial of the constitutional right to a speedy trial").

to be achieved by defining the right in terms of a specific number of days disappears. *Striker* held that in cases in which a charge is filed before the defendant appears, the trigger date for CrR 3.3 varies according to whether first appearance follows "within a reasonable time after filing of the information". *Peterson*, 90 Wn.2d at 427. This holding reinjects into the rule the very uncertainty that it was designed to alleviate, and it is for that reason that *Striker* tends to defeat the purpose for which the rule was adopted.

Our holding that *Striker* was superseded in 1980 does not leave the interval between filing and first appearance devoid of speedy trial protection. The federal constitutional right to speedy trial attaches when a charge is filed or an arrest is made, whichever occurs earlier. *United States v. Loud Hawk*, 474 U.S. 302, 310-11, 88 L. Ed. 2d 640, 651, 106 S. Ct. 648 (1986); *United States v. MacDonald*, 456 U.S. 1, 7, 71 L. Ed. 2d 696, 703, 102 S. Ct. 1497 (1982); *Dillingham v. United States*, 423 U.S. 64, 65, 46 L. Ed. 2d 205, 207, 96 S. Ct. 303 (1975); *United States v. Marion*, 404 U.S. 307, 320, 30 L. Ed. 2d 468, 479, 92 S. Ct. 455 (1971). The state constitutional right may also. *See* Const. art. 1, § 22 (amend. 10); *State v. Fladebo*, 113 Wn.2d at 393-94; *State v. Christensen*, 75 Wn.2d 678, 686-88, 453 P.2d 644 (1969) (Supreme Court discussed the two rights as one). Thus, at least one and perhaps both constitutional rights are applicable between filing and first appearance, and they allow the trial court to consider and remedy unreasonable delay occurring between those two events.

■■ Concluding our discussion of the first issue, we hold that *Striker* neither requires nor allows us to deviate from the plain terms of CrR 3.3(c)(1) as it now exists, for *Striker* was superseded when that rule was adopted in 1980. We further hold that Phillips' right to speedy trial under CrR 3.3 was not violated prior to her first appearance on January 25, 1990.

II

We turn now to whether Phillips' rights under CrR 3.3 were violated after her first appearance on January 25,

1990. On that date, she asked for delay until February 16, and the court complied. On February 23, she again asked for delay, and she affirmatively waived her rights to speedy arraignment and trial. Finally, on March 30, she was arraigned, and she made no objection to the date of arraignment.

Given these facts, Phillips acquired no right to dismissal on account of any violation of CrR 3.3 accruing after January 25, 1990. Although the express waivers she gave on February 23 were not intended to obviate violations accruing before January 25, they clearly were intended to obviate violations accruing between January 25 and March 30, the date on which they were withdrawn. Thus, regardless of any violation that might have occurred between January 25 and March 30, her waivers caused arraignment on March 30 to be timely, and if arraignment was timely, trial was also. As already noted, trial was set to start June 4, less than 90 days after March 30.

Even if Phillips' arraignment on March 30 had not been timely, she would have been obligated to make that fact known to the trial judge at the time of arraignment, on penalty of waiving her right to have the date of arraignment backdated pursuant to CrR 3.3(c)(4). CrR 3.3(e). Because she made no timely assertion that her March 30 arraignment was untimely, that date was "conclusively established" as the true and correct date of arraignment, CrR 3.3(e), and there was no CrR 3.3 violation when the trial court scheduled trial for less than 90 days hence.

## III

Our ruling that Phillips' rights under CrR 3.3 were not violated does not mean that her constitutional right to speedy trial was not violated. Although her CrR 3.3 rights were not triggered until January 25, 1990, her constitutional rights to speedy trial started to run on March 26, 1986, the date on which she was charged. Whether her constitutional rights have yet been violated depends on all the facts and circumstances of her case. *Fladebo*, 113 Wn.2d at 393. As far

as we can tell from the record provided to us, the parties did not litigate all of those facts and circumstances when the case was in the trial court, because they and the court focused mainly on CrR 3.3. As a result, we remand the matter to the trial court for a hearing on whether her state or federal constitutional right was violated, and for such other proceedings as may be appropriate.

Reversed and remanded.

PETRICH, C.J., and ALEXANDER, J., concur.

Reconsideration denied September 15, 1992.

Vacated and remanded at 121 Wn.2d 1001 (1993).