[No. 31346-4-II.  Division Two.  September 27, 2005.]

The State of Washington, *Respondent*, v. Selena April Castillo, *Appellant*.

---

[20] CP at 14.

*Anton L. Knappert*, for appellant.

*Russell D. Hauge*, *Prosecuting Attorney*, and *Randall A. Sutton*, *Deputy*, for respondent.

¶1 MORGAN, J. — Selena April Castillo appeals a conviction for the unlawful possession of methamphetamine. The question is whether her rule-based right to speedy trial was violated. Answering no, we affirm.

¶2 On August 4, 2002, Castillo was arrested while possessing methamphetamine. She stated that her address was 3095 Hoover Avenue S.E. in Port Orchard. She was then released.

¶3 On December 17, 2002, Castillo was charged in the Kitsap County Superior Court with unlawfully possessing methamphetamine on August 4, 2002. The court summoned her to appear on January 13, *2002*. The State sent the summons to Alta Vista Point Apartments, #302, in Port Orchard.

¶4 At a hearing on January 13, 2003, the State told the superior court that the summons had not been served and that the case should be stricken from the docket. On January 15, the superior court issued an arrest warrant. On January 28, the State filed a return of service that said Castillo was in the Snohomish County Jail.

¶5 On May 6, 2003, the State issued a warrant for Castillo in an unrelated case filed in the South Kitsap District Court. On June 16, Castillo was arrested and appeared in district court. For no apparent reason, she was not advised of the pending superior court case, nor was she arrested or held on the outstanding superior court warrant.

¶6 On October 30, 2003, Castillo made her first appearance in this case. She told the superior court that she was "objecting to speedy arraignment."[1] She was not detained in jail or on conditions of release at that time.

¶7 On November 17, 2003, Castillo moved to dismiss, arguing that the State had not acted with due diligence to bring her before the court. The State responded that effective September 1, 2003, the rules of court had been amended to eliminate any obligation of due diligence that it formerly might have had. Two weeks later, the superior court denied Castillo's motion, ruling that due diligence is "not available to the defense any longer."[2]

---

[1] Report of Proceedings (RP) (Oct. 30, 2003) at 3.

[2] RP (Dec. 3, 2003) at 14.

¶8 On December 12, 2003, the trial court held a bench trial on stipulated facts. It found Castillo guilty, and she filed this appeal.

¶9 Effective September 1, 2003, the Washington Supreme Court amended this state's rule-based right to speedy trial. Significantly changing CrR 2.2, 3.3, and 4.1, the court said that when a defendant is not detained in jail or subject to conditions of release, he or she shall be arraigned "not later than 14 days after that appearance which next follows the filing of the information";[3] that when a defendant is not detained in jail, he or she shall, subject to exceptions not pertinent here, "be brought to trial" within 90 days of arraignment;[4] and that "[a]ny delay in bringing the defendant before the court shall not affect the allowable time for arraignment, regardless of the reason for that delay."[5]

¶10 Although the record does not clearly show when Castillo was arraigned, she agrees that she "*appeared* for her arraignment" on October 30, 2003.[6] Necessarily then, she was not arraigned before October 30, 2003, and any delay that occurred before then does not "affect the allowable time" for her arraignment, "regardless of the reason for that delay." She was tried on December 12, 2003, just 43 days after October 30 and well within the 90 days allowed for trial. Thus, her rule-based right to speedy trial was not violated.

¶11 Castillo complains that since September 1, 2003, the rule-based right has not contained "any vestige of Good Faith and Due Diligence."[7] While that is true, it is

---

[3] CrR 4.1(a)(2).

[4] CrR 3.3(b)(2), (c)(1).

[5] CrR 4.1(a)(2). Castillo does not contend that the new amendments to CrR 4.1 and 3.3 do not apply to this case. She assumes that they do apply, *see, e.g.*, Brief of Appellant at 7 ("The issue in this case is whether or not there is a vestige of good faith and due dilegence [sic] remaining in the new rules governing time for trial"), so we assume likewise. *See also* CrR 1.3(b).

[6] Clerk's Papers at 30 (emphasis added).

[7] Br. of Appellant at 11.

consistent with the right's basic purpose,[8] and it does not affect a court's ability to consider the lack of good faith or due diligence, together with any other reasons for delay, as factors bearing on the federal and state constitutional rights to speedy trial.[9] Here, Castillo has not asserted, and we do not address, her federal or state constitutional right.

¶12 Affirmed.

QUINN-BRINTNALL, C.J., and HOUGHTON, J., concur.

[Nos. 54300-8-I; 52304-0-I; Division One. October 3, 2005.]
54380-6-I.

---

[8] *State v. Phillips*, 66 Wn. App. 679, 687-89, 833 P.2d 411 (1992), *overruled in part*, *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993).

[9] *Moore v. Arizona*, 414 U.S. 25, 94 S. Ct. 188, 38 L. Ed. 2d 183 (1973); *Phillips*, 66 Wn. App. at 689, 690-91.