200 P.3d 258 (2009)
STATE of Washington, Respondent,
v.
Bert C. ROOKHUYZEN, Appellant.
No. 61427-4-I.
Court of Appeals of Washington, Division 1.
January 20, 2009.
Erik Pedersen, Skagit County Prosecuting Atty, Attorney at Law, Mount Vernon, WA, for Respondent.
Corbin T. Volluz, Attorney at Law, Mount Vernon, WA, for Appellant.
GROSSE J.
¶1 A criminal defendant is entitled to a speedy trial. However, there is no set statutory time frame within which an out-of-custody defendant must first be brought before the court. The 2003 amendments to CrR 3.3 and 4.1 eliminated the judicially created doctrine of constructive arraignmentthe Striker rule.[1] Here, the defendant's speedy trial rights were not violated when he was arraigned 30 days after the information was arraigned 30 days after the information was filed. Thus, we affirm.

FACTS
¶2 On November 15, 2007, a Skagit County prosecutor filed an information charging Bert Rookhuyzen with assault in the second degree and making a false statement to a public officer. That same day, the prosecutor mailed to Rookhuyzen's home address a summons ordering him to appear in one month, on December 14, 2007, for arraignment.
¶3 Rookhuyzen appeared as summoned but contended that his arraignment was untimely because it was 30 days after the charges were filed. He asserts that arraignment must occur within 14 days to be timely. The court disagreed and set a trial date within 90 days of the arraignment.
*259 ¶4 A jury found Rookhuyzen guilty of both counts on March 5, 2008. Rookhuyzen appeals.[2]

ANALYSIS
¶5 The State arraigned Rookhuyzen 30 days after filing an information. After significant changes to the criminal rules in 2003, CrR 3.3, the time-for-trial rule, now requires that an out-of-custody defendant[3] be brought to trial within 90 days after arraignment.[4] CrR 4.1, governing arraignment, addresses when an out-of-custody defendant must be arraigned in subsection (a)(2), providing:
The defendant shall be arraigned not later than 14 days after that appearance which next follows the filing of the information or indictment, if the defendant is not detained in that jail or subject to such conditions of release. Any delay in bringing the defendant before the court shall not affect the allowable time for arraignment, regardless of the reason for that delay. For purposes of this rule, "appearance" has the meaning defined in CrR 3.3(a)(3)(iii).[[5]]
Appearance here is defined as
the defendant's physical presence in the adult division of the superior court where the pending charge was filed. Such presence constitutes appearance only if (A) the prosecutor was notified of the presence and (B) the presence is contemporaneously noted on the record under the cause number of the pending charge.[[6]]
¶6 Under the current criminal rules, there are no specific time limitations on when an out-of-custody defendant must first appear before the court.[7] Rather, and expressly to the contrary, CrR 4.1(a)(2) provides that "[a]ny delay in bringing the defendant before the court shall not affect the allowable time for arraignment, regardless of the reason for that delay."[8] It is only after a defendant's first appearance that the rules provide any basis to expect arraignment within a given time period.[9]
¶7 Here, Rookhuyzen's first appearance and arraignment occurred simultaneously. Thus, there is no question that his arraignment was timely.[10] Further, it is undisputed that Rookhuyzen's March 3, 2008 trial date was within the 90 days following the date of his actual arraignment on December 14, 2007.
¶8 Washington courts previously calculated speedy trial expiration dates based on a constructive arraignment date 14 days after the filing of the information when an out-of-custody defendant is amenable to process rather than based on the actual day of arraignment. This practice was known as the Striker rule after the Supreme Court's decision in State v. Striker.[11] There, the court held that the former version of CrR 3.3 may be violated if there is a long and unnecessary delay in first bringing a defendant before the court, assuming amenability to service.[12] In State v. Greenwood, the Supreme Court clarified the Striker rule after CrR 3.3 was amended.[13] In Greenwood, the court held that the State had a duty of good faith and *260 due diligence in attempting to bring a defendant before the court for arraignment in a timely manner (even though the rules were silent as to what constituted a timely arraignment for an out-of-court defendant who was amenable to service).[14]
¶9 Effective September 1, 2003, significant changes were made to the criminal rules, including CrR 3.3 and 4.1, effectively superseding the Striker rule (and its progeny) and eliminating rule-based constructive arraignment calculations for determining speedy trial dates.[15] The intent to eliminate the use of constructive arraignment dates is clear from the plain language of CrR 3.3 as amended. The rule prohibits any dismissals for time-for-trial reasons unless expressly required by a rule, statute, or violation of a defendant's constitutional speedy trial rights. The amended version provides:
The allowable time for trial shall be computed in accordance with this rule (CrR 3.3). If a trial is timely under the language of this rule, but was delayed by circumstances not addressed in this rule or CrR 4.1, the pending charge shall not be dismissed unless the defendant's constitutional right to a speedy trial was violated.[[16]]
Further, CrR 4.1 as amended in 2003 is equally explicit:
The defendant shall be arraigned not later than 14 days after that appearance which next follows the filing of the information or indictment, if the defendant is not detained in that jail or subject to such conditions of release. Any delay in bringing the defendant before the court shall not affect the allowable time for arraignment, regardless of the reason for that delay.[[17]]
In State v. George, the Supreme Court, interpreting similar language in the local criminal rules, also amended in 2003, held that the pertinent time-for-trial rule "does not, by its plain language, require the State to demonstrate that it exercised good faith and due diligence in attempting to procure the defendant's presence at trial."[18]
¶10 Our decision is in accord with Division Two's decision in State v. Castillo.[19] There, the court found no violation of Castillo's statutory speedy trial rights where her arraignment took place almost 10 months after the charges were filed against her when her trial began only 43 days after arraignment. There, the State had failed to serve Castillo with a summons to appear in the matter in part because she was already in custody on different charges. The Castillo court cited the post-2003 version of the time-for-trial rule in support of its holding: "[A]ny delay that occurred before [the defendant's first appearance in court] does not `affect the allowable time' for her arraignment, `regardless of the `reason for that delay.'"[20] The Castillo court also addressed defense counsel's broader concern that the rules no longer required due diligence by the State:
While that is true, [the rule is lacking any vestige of good faith or due diligence] it is consistent with the right's basic purpose, and it does not affect a court's ability to consider the lack of good faith or due diligence, together with any other reasons for delay, as factors bearing on the federal and state constitutional rights to speedy trial.[[21]]
¶11 Similarly, in State v. Thomas, this court recently ruled that a defendant's speedy trial expiration date is 90 days from arraignment under the current CrR 3.3 time-for-trial rule.[22] We found that the rule's *261 language was plain and unambiguous and superseded Supreme Court precedent in State v. Fulps (holding that a defendant's speedy trial period began to run at the time of arrest and the posting of bail rather than from the date of arraignment).[23]
¶12 Rookhuyzen's statutory speedy trial rights were not violated when he was arraigned 30 days after charges were filed against him. Further, Rookhuysen did not assert his federal or state constitutional right to a speedy trial below, only his right under the rule. The circumstances presented here do not warrant reaching constitutional speedy trial claims raised for the first time on appeal.
¶13 The trial court is affirmed.
WE CONCUR: APPELWICK, and AGID, JJ.
NOTES
[1] See State v. Striker, 87 Wash.2d 870, 557 P.2d 847 (1976) (statutory right derived from criminal rules requires arraignment of out-of-custody defendants within 14 days of being charged); see also State v. Greenwood, 120 Wash.2d 585, 845 P.2d 971 (1993) (for purposes of calculating speedy trial dates, defendants will be deemed arraigned 14 days after information is filed even when they were not actually arraigned in a timely fashion).
[2] Rookhuyzen moved to partially strike the State's appellate brief and a court commissioner referred the motion to this panel on August 21, 2008. The material Rookhuyzen seeks to have stricken from the State's brief is immaterial to our decision. Therefore, the motion is denied.
[3] A defendant is out-of-custody only when free from detention and not subject to any conditions of release. CrR 3.2, 3.3(a)(3)(v), 4.1(a).
[4] CrR 3.3 excludes certain periods of time from this 90-day calculation to determine a speedy trial expiration date for a number of reasons. CrR 3.3(e)(1)-(9). The time for trial may also be extended through continuances. CrR 3.3(f).
[5] (Emphasis added).
[6] CrR 3.3(a)(3)(iii).
[7] This includes both the Superior Court Criminal Rules (CrR) and the Criminal Rules for Courts of Limited Jurisdiction (CrRLJ).
[8] (Emphasis added).
[9] CrR 4.1(a)(2) (requiring arraignment of an out-of-custody defendant within 14 days of first appearance).
[10] CrR 3.3; CrR 4.1.
[11] 87 Wash.2d 870, 557 P.2d 847 (1976).
[12] Striker, 87 Wash.2d at 871, 557 P.2d 847.
[13] 120 Wash.2d 585, 845 P.2d 971 (1993).
[14] See generally Greenwood, 120 Wash.2d 585, 845 P.2d 971; see also State v. Swenson, 150 Wash.2d 181, 75 P.3d 513 (2003).
[15] State v. Olmos, 129 Wash.App. 750, 120 P.3d 139 (2005).
[16] CrR 3.3(a)(4) (emphasis added).
[17] CrR 4.1(a)(2) (emphasis added).
[18] 160 Wash.2d 727, 738, 158 P.3d 1169 (2007); CrRLJ 3.3(c)(2)(ii).
[19] 129 Wash.App. 828, 830-31, 120 P.3d 137 (2005).
[20] Castillo, 129 Wash.App. at 830-31, 120 P.3d 137.
[21] Castillo, 129 Wash.App. at 831-32, 120 P.3d 137.
[22] 146 Wash.App. 568, 191 P.3d 913 (2008).
[23] 141 Wash.2d 663, 9 P.3d 832 (2000).