[No. 69081-2.  En Banc.]
Argued June 9, 2000.    Decided September 21, 2000.

THE STATE OF WASHINGTON, *Respondent*, v. GLEN FULPS, *Petitioner*.

*Alex B. Hernandez III* (of *Hernandez Law Firm*), for petitioner.

*Gary J. Brueher, Prosecuting Attorney*, and *Randy J. Flyckt, Deputy*, for respondent.

PER CURIAM — Glen Fulps seeks review of a partially published Court of Appeals decision affirming his conviction for possession of marijuana. He contends that his speedy trial rights under CrR 3.3 were violated. We agree.

## FACTS

On January 17, 1997, the Othello Police Department executed a search warrant at Fulps's residence. Finding marijuana, two guns, scales, packaging material, a pipe, and a roll of money including the marked bills used in a controlled buy, the police arrested Fulps and took him to the jail in Ritzville. The booking charge was possession of marijuana with intent to deliver. An Adams County District Court Judge signed a "Statement of Arresting Officer and Preliminary Finding of Probable Cause" form that set cash bail at $3,000. Clerk's Papers (CP) at 16. Although the form is captioned for the Adams County Superior Court, it did not contain a case number, provide any conditions of release, or set any time to appear back in court for further proceedings. The form essentially stated the charge, provided a police incident number, and recited the facts giving rise to the arrest. Fulps posted bail and was released the same day without personally appearing before the court.

No further proceedings occurred until some five months later. On June 5, 1997, the State filed an information in superior court charging Fulps with one count of possessing over 40 grams of marijuana and one count of possession with intent to deliver. Fulps was arraigned on June 30. He pleaded not guilty, and trial was set for September 16.

Prior to trial, Fulps moved to dismiss the charges on speedy trial grounds. The trial court denied this motion, concluding there was no violation of Fulps's speedy trial rights under CrR 3.3 or the federal constitution because the speedy trial period did not begin to run until the information was filed.

Following a bench trial on partially stipulated facts, the court found Fulps guilty of possessing over 40 grams of marijuana. He appealed. The Court of Appeals affirmed, publishing only that portion of the decision addressing the speedy trial issue and the dissent on that issue. Fulps petitioned for review of both the published and unpublished portions of the Court of Appeals decision. We grant review

of the published portion of the Court of Appeals decision only and reverse.

## ISSUE

Whether Fulps's speedy trial rights under CrR 3.3 were violated.

## ANALYSIS

CrR 3.3 provides in relevant part that after the information is filed, a defendant who is neither detained in jail nor subjected to conditions of release must be arraigned "not later than 14 days after that appearance in superior court which next follows the filing of the information" and "shall be brought to trial not later than 90 days after the date of arraignment." CrR 3.3(c)(1). The problem here is that CrR 3.3 does not directly address the situation where a defendant is released from jail on cash bail with no release order entered with the court.[1]

The sole authority for Fulps's release appears to have been the district court judge's signature at the bottom of the "Statement of Arresting Officer and Preliminary Finding of Probable Cause" form, dated January 17, 1997. CP at 16-17. But the form provided only a bail recommendation and probable cause information. As the Court of Appeals majority noted, "no specific order for release is set forth in the form or can be found in this record. The form and the procedure used to secure release are thus, conspicuously deficient under CrR 3.2." *State v. Fulps*, 97 Wn. App. 935,

---

[1] It could perhaps be argued that the relevant rule is not CrR 3.3 but CrRLJ 3.3, since the district court signed the document releasing Fulps on bail. But our analysis would be the same under CrRLJ 3.3, because that rule also does not address the situation where the defendant is released on cash bail with no release order entered with the court.

It should also be noted that the CrR 3.3(c)(2)(i) provision excluding "time elapsed in district court" from the speedy trial calculation is not applicable here. The rule specifies that "time elapsed in district court" commences either when a complaint is filed in district court or when the defendant appears before that court. CrR 3.3(c)(2)(ii). Neither event occurred here.

940, 988 P.2d 1002 (1999). Moreover, the form does not mention any time for reappearance or set any conditions for release. It is thus indefinite as to term and purpose. Further, no preliminary appearance was conducted as required by CrR 3.2B. CP at 20. The next date that action is noted in the record is June 5, 1997, when the form together with an information was filed in the superior court.

█ The trial court felt constrained from dismissing the charges against Fulps by *State v. Phillips*, 66 Wn. App. 679, 685, 833 P.2d 411 (1992) (court does not have the power to act under CrR 3.3 until both the charge and the defendant are before it). CP at 21. Apparently, neither the court nor the parties realized that *Phillips* had been vacated some four years before Fulps's trial. *See State v. Phillips*, 121 Wn.2d 1001, 847 P.2d 919 (1993).

The Court of Appeals acknowledged this was error, but affirmed on other grounds. Relying on CrR 3.2B(c)(2), *State v. Parmele*, 87 Wn.2d 139, 550 P.2d 536 (1976), and *State v. Poirier*, 34 Wn. App. 839, 664 P.2d 7 (1983), the Court of Appeals held that Fulps was not "held to answer" by virtue of the bail he was required to pay to obtain his release. *Fulps*, 97 Wn. App. at 941. The cited court rule says that a defendant's conditions of release are "deemed exonerated" if no information has been filed by the time set for release or reappearance. CrR 3.2B(c)(2). But the "deemed exonerated" language presumes a series of events, including the defendant's preliminary appearance and the court setting a time for reappearance, which did not occur in this case. Nor did the district court set conditions of release. Also, the bail was not returned to Fulps. The cited rule does not address the circumstances presented here.

Moreover, *Parmele* and *Poirier* are distinguishable. In *Parmele*, this court held that the speedy trial rule was not violated, but that determination turned on the effect of language appearing in the "Provisional Order of Release and Exoneration," which required the defendant's release two days hence if she was not charged with a crime by that

time. *See Parmele*, 87 Wn.2d at 140-42. No such order was issued for the relevant time period in Fulps's case.

In *Poirier*, the defendant argued that when he was arrested and released on posting bail, he was being "held to answer," and the speedy trial clock began running at that time. *Poirier*, 34 Wn. App. at 840. Division Two's rejection of that argument turned on the fact that the State had filed a "No Charges Filed" document pursuant to former CrR3.2A(c)(2) (now CrR3.2B(c)(2)). *Id*. Again, no such document was filed in this case for the relevant time period.

We also note that the State's reliance on *State v. Elizondo*, 85 Wn.2d 935, 540 P.2d 1370 (1975), is likewise misplaced. There, the defendant was arrested on August 22, 1974, when a warranted search of his residence produced methamphetamine and marijuana. That same day the defendant posted bail and was directed by a police officer to appear in superior court on August 29, 1974, the next scheduled arraignment day. He appeared that day with his attorney, but a deputy prosecutor told the court that he did not think that charges had been filed. No further proceedings occurred. On December 13, 1974, an information was filed charging the defendant with violation of the Uniform Controlled Substances Act, chapter 69.50 RCW. The defendant moved for dismissal based on a violation of his CrR 3.3 speedy trial rights, which the trial court denied. This court affirmed, holding that the time between August 29 and the filing of the information on December 13 did not count in calculating the time limits of CrR 3.3 because after the defendant appeared in court on August 29 he was no longer subject to any restraint. No charge had been filed. His bail bond was conditioned upon his appearance at that time and he appeared. Since the court set no further appearance and all conditions of his bail bond had at that time been met, we held that his bond was exonerated as a matter of law. *Id*. at 938.

By contrast, Fulps never appeared before the court during the five-month hiatus between his arrest and posting bail on January 17, and the filing of the information on

June 5. Thus, his bail was never exonerated. *See State v. Paul*, 95 Wn. App. 775, 778, 976 P.2d 1272 (1999) (noting that in a criminal case, the sole purpose of bail is to ensure the appearance of the accused).

The State also relies on our statement in *Elizondo* that "[i]f there were any doubt in defendant's mind as to the status of his bail bond, he had an obligation to move for its exoneration." 85 Wn.2d at 938. Again, *Elizondo* is distinguishable. There the defendant had actual notice from the prosecutor in open court that no charges were pending against him. Fulps had no similar notice, nor any obligation to seek exoneration. Like the defendant in one of our recent cases, who was issued a citation that was never filed, Fulps was left in "legal limbo." *City of Seattle v. Bonifacio*, 127 Wn.2d 482, 900 P.2d 1105 (1995).

■ ■ Simply put, neither CrR 3.3 nor these cases address the question here—whether a defendant who gains his release by posting bail, with no means of exonerating his bail, is "held to answer." In similar circumstances we have relied upon the ABA standards to supplement CrR 3.3 whenever necessary and have specifically adopted relevant ABA standards. *See State v. Harris*, 130 Wn.2d 35, 40, 921 P.2d 1052 (1996) (citing cases). The relevant standard here provides that the time for trial should commence running, without demand by the defendant, "from the date the charge is filed, except that if the defendant has been continuously held in custody or *on bail* or recognizance . . . , then the time for trial should commence running from the date the defendant was held to answer." 2 AMERICAN BAR ASS'N, STANDARDS FOR CRIMINAL JUSTICE Std. 12-2.2(a), at 12-17 (2d ed. 1980) (emphasis added). *See also State v. Fladebo*, 113 Wn.2d 388, 392, 779 P.2d 707 (1989) (quoting same).

Here Fulps was released on bail on January 17, 1997. Applying the above standard, he was held to answer from that date. Since he was not brought to trial within 90 days, his case should have been dismissed.

## CONCLUSION

We again rely on the ABA standards to supplement CrR 3.3's speedy trial requirements and hold that Fulps's speedy trial period began to run when he posted bail on the day of his arrest, January 17, 1997, and expired 90 days thereafter. Under the unique circumstances of this case, he was "held to answer" from the time he posted bail. His motion to dismiss should have been granted. We reverse the Court of Appeals and remand the case to the trial court for dismissal.