[No. 59832-5-I. Division One. September 2, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL HENRY THOMAS, *Petitioner*.

*Christine A. Jackson* (of *The Public Defender*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney,* and *DeAnne J. Fuller, Deputy,* for respondent.

¶1 LAU, J. — This case presents the sole question of whether the 2003 amendments to the time-for-trial rule supersede the decision in *State v. Fulps*, 141 Wn.2d 663, 9 P.3d 832 (2000). In that case, the court, relying on the American Bar Association (ABA) standards to supplement CrR 3.3's speedy trial requirements, held that the speedy trial period began when Fulps posted bail on the day of his arrest and expired 90 days later. Here, like Fulps, Michael Thomas was arrested, posted bail, and released on the same day but was not brought to trial within 90 days. Relying on *Fulps*, the district court dismissed the second degree criminal trespass charge. On RALJ appeal, the superior court reversed. We granted discretionary review. Because the 2003 amendments to the time-for-trial rule supersede the *Fulps* decision, we affirm the superior court.

*FACTS*

¶2 On September 10, 2005, Michael Thomas was arrested and booked into the King County jail on suspicion of second degree criminal trespass. He posted $250 cash bail and was released the same day. On November 14, 2005, the State filed a complaint charging Thomas with criminal trespass in the second degree. The clerk issued a summons directing Thomas to appear for arraignment on November 28, 2005, but the summons was not sent to the correct address, and it was subsequently returned.[1] Thomas did not appear for the scheduled arraignment.

---

[1] Some documents in the record refer to Thomas's street address as "210 E. Jefferson" while others incorrectly list it as "310 E. Jefferson." It is not clear from the record how the incorrect address was introduced into the court file or why the summons was sent there.

¶3 On January 13, 2006, the State submitted a certification that the address to which the arraignment notification was sent appeared to be Thomas's most recent address based on a search of several government databases. On January 18, 2006, the district court issued a bench warrant for Thomas's arrest because of his failure to appear. On February 25, 2006, Thomas was arrested on the warrant. On February 27, 2006, Thomas had his first appearance following the filing of the complaint; however, he was not arraigned until March 6, 2006, because he moved for a change of judge. Thomas objected to the date of arraignment, contending that the time for trial had already expired. He argued that under *Fulps*, the State was required to bring him to trial by December 9, 2005, 90 days after he posted bail.

¶4 On March 31, 2006, the district court dismissed the charge with prejudice, concluding that "speedy trial was violated" because Thomas had been "held to answer starting back in September when he was arrested and posted bail." The State timely filed a notice of appeal to the King County Superior Court. The superior court reversed. We granted Thomas's motion for discretionary review.

## ANALYSIS

¶5 Thomas appeals the superior court's reversal of the district court's ruling. Appellate review of a district court's ruling, here and in the superior court, is governed by the standards contained in the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). RALJ 9.1. Review of whether the district court committed an error of law is de novo. RALJ 9.1(a); *Kyle v. Williams*, 139 Wn. App. 348, 354, 161 P.3d 1036 (2007), *review denied*, 163 Wn.2d 1028 (2008). Because the application of a court rule to a particular set of facts is a question of law, this court reviews it de novo. *State v. Silva*, 127 Wn. App. 148, 154, 110 P.3d 830 (2005); *see also State v. Bobenhouse*, 143 Wn. App. 315, 322, 177 P.3d 209 (2008) ("We review the application of the speedy trial rules de novo.").

¶6 We interpret court rules as we do statutes drafted by the legislature. *State v. George*, 160 Wn.2d 727, 735, 158 P.3d 1169 (2007). Initially, we look to the plain language of the rule and construe the rule in accord with the drafting body's intent. *Gourley v. Gourley*, 158 Wn.2d 460, 466, 145 P.3d 1185 (2006). If the rule's meaning is unambiguous, we need look no further. *Spokane County v. Specialty Auto & Truck Painting, Inc.*, 153 Wn.2d 238, 249, 103 P.3d 792 (2004).

¶7 Washington's time-for-trial rule generally requires the State to bring a defendant to trial within 90 days of arraignment if the defendant is not incarcerated. CrRLJ 3.3(b)(2), (c)(1).[2] However, Thomas argues that in his case, the 90-day time-for-trial period should have commenced on September 10, 2005—the date he posted bail, rather than March 6, 2006—the day he was arraigned. This argument is not based on the language of the time-for-trial rule, but on the decision in *Fulps*.

¶8 In *Fulps*, as here, the defendant was arrested and released the same day after posting bail. *Fulps*, 141 Wn.2d at 665. The form setting the bail amount did not provide any conditions of release or set a time for Fulps to appear back in court for further proceedings. *Id.* The State did not file charges against Fulps until approximately five months later, and he was arraigned about three weeks after that. *Id.* Fulps moved to dismiss based on the version of CrR 3.3 in effect at the time. *Id.*

¶9 The Washington Supreme Court concluded that under the unique facts of Fulps's case, the speedy trial period began to run on the day he posted bail and expired 90 days later. *Id.* at 670. The court reasoned, "CrR 3.3 does not directly address the situation where a defendant is released from jail on cash bail with no release order entered with the court." *Id.* at 666. Because the rule did not directly address Fulps's situation, the court described him as being in "legal

---

[2] Although we cite to the Criminal Rules for Courts of Limited Jurisdictions because they are the rules applicable here, our analysis would be the same under the Superior Court Criminal Rules.

limbo." *Id.* at 669. Consequently, the court found it necessary to refer to ABA standards to "supplement" the rule.

> The relevant standard here provides that the time for trial should commence running, without demand by the defendant, "from the date the charge is filed, except that if the defendant has been continuously held in custody or *on bail* or recognizance . . . , then the time for trial should commence running from the date the defendant was held to answer." 2 AMERICAN BAR ASS'N, STANDARDS FOR CRIMINAL JUSTICE Std. 12-2.2(a), at 12-17 (2d ed. 1980) (emphasis added).

*Id.* The court concluded that because Fulps was "held to answer" from the date he posted bail, the 90-day speedy trial period had expired and his motion to dismiss should have been granted. *Id.* at 670.

¶10 In 2003, the Washington Supreme Court amended the time-for-trial rule and several related rules based on the recommendations of the Time-for-Trial Task Force. *George*, 160 Wn.2d at 737. In its overview, the task force addressed judicial interpretation of the time-for-trial rule.

> Task Force members are concerned over the degree to which the time-for-trial standards have become less governed by the express language of the rule and more governed by judicial opinions. To address this concern, the task force has tried to fashion a rule that is simpler, has fewer ambiguities, and covers more of the field of time-for-trial issues, with the hope that a reader of the rule will have a better understanding of the overall picture than currently exists. The Task Force also recommends adopting a provision in CrR 3.3 expressly stating that the rule is intended to cover all the reasons why a case should be dismissed under the rule. Courts should not read into the rule any other reasons beyond those that are expressly stated in the rule. Any other reasons should be analyzed under the corresponding constitutional provisions (Wash. Const. Art. I, § 22, and U.S. Const., Amend. 6).

WASHINGTON COURTS TIME-FOR-TRIAL TASK FORCE, FINAL REPORT I(B)(1), at 6 (Oct. 2002) (on file with Admin. Office of the Courts), available at http://www.courts.wa.gov/programs_orgs/pos_tft (last visited Aug. 6, 2008). The amended

version of rule CrRLJ 3.3 reflects the task force's recommendation. For example, CrRLJ 3.3(h) was amended with the statement, "No case shall be dismissed for time-to-trial reasons except as expressly required by this rule, a statute, or the state or federal constitution." In addition, a new section was added to the rule, stating, "If a trial is timely under the language of this rule but was delayed by circumstances not addressed in this rule or CrRLJ 4.1 [dealing with arraignment], the pending charge shall not be dismissed unless the defendant's constitutional right to a speedy trial was violated." CrRLJ 3.3(a)(4). The task force's comment on this provision was that

> [t]ask force members are concerned that appellate court interpretation of the time-for-trial rules has at times expanded the rules by reading in new provisions. The task force believes that the rule, with the proposed revisions, covers the necessary range of time-for-trial issues, so that additional provisions do not need to be read in. Criminal cases should be dismissed under the time-for-trial rules only if one of the rules' express provisions have been violated; other time-for-trial issues should be analyzed under the speedy trial provisions of the state and federal constitutions.

WASHINGTON COURTS TIME-FOR-TRIAL TASK FORCE, *supra*, II(B), at 12-13 (discussion of consensus recommendations).

¶11 Thomas argues that *Fulps* is still good law despite the 2003 amendments. He contends that the changes in the rule were intended to address the issue of constructive arraignment dates determined under the *Striker/Greenwood* line of cases.[3] It is true that the task force devoted substantial attention to remedying perceived problems with the *Striker/Greenwood* rule. *See* WASHINGTON COURTS

---

[3] *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976); *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993). The *Striker/Greenwood* rule imposed a constructive arraignment date 14 days after the State filed charges if there was an unnecessary delay in bringing the defendant before the court for arraignment. *State v. Olmos*, 129 Wn. App. 750, 756, 120 P.3d 139 (2005). Here, Thomas argues that his time-for-trial period began on the day he posted bail, not on a constructive arraignment date after he was charged.

TIME-FOR-TRIAL TASK FORCE, *supra*, at II(C) (discussion of *Striker/Greenwood* recommendations, including minority recommendation). But there is nothing in the amended rules or the task force final report that shows the amendments were narrowly drawn to address only the *Striker/ Greenwood* line of cases. Moreover, issues raised by the *Fulps* decision were specifically listed as a priority for the task force to address. *See* WASHINGTON COURTS TIME-FOR-TRIAL TASK FORCE, *supra*, at App. C (surveys by the Washington Association of Prosecuting Attorneys and Superior Court Judges' Association, listing the issue as 15th and 8th in priority out of 16, respectively).

¶12 Thomas also argues that the 2003 amendments do not supersede *Fulps* because "*Fulps* governs situations not covered by the time-for-trial rule." Appellant's Br. at 6. In *Fulps*, the court "supplemented" the preamendment time-for-trial rule based on its conclusion that the rule did not specifically address the circumstances of Fulps's case. According to Thomas, the amended time-for-trial rule does not specifically address the circumstances of his case, so his situation is likewise "beyond the rule." Appellant's Br. at 13. But the plain language of the amended rule specifically prohibits any dismissals for time-to-trial reasons unless expressly required by the rule, a statute, or the constitutions.[4] CrRLJ 3.3(h). If a defendant's trial is delayed by circumstances not addressed in the rule, dismissal is not a permissible remedy unless the defendant's constitutional right to a speedy trial is violated.[5] Thus, the amended rule unambiguously prohibits the sup-

---

[4] Although CrRLJ 3.3(h) refers only to the federal constitution, it is axiomatic that dismissal would also be warranted if required under the state constitution. Here, Thomas has not asserted, and the court need not address, any constitutional violation. Nor has Thomas suggested that a statute is involved or that dismissal is required under the express terms of the time-for-trial rule. He relies solely on *Fulps*.

[5] The Time-for-Trial Task Force used the term "time-for-trial" rather than "speedy trial" when referring to the court rules to emphasize the distinction between "time-for-trial" provisions in the court rules and the "speedy trial" provisions in the federal and state constitutions. WASHINGTON COURTS TIME-FOR-TRIAL TASK FORCE, *supra*, I(B) at 3 n.1.

plementation engaged in by the *Fulps* court. While Thomas is correct that this court retains the ability to interpret the time-for-trial rule, we are not authorized to interpret the rule to allow dismissal when this reading is contrary to a plain language of the rule.[6]

¶13 Because the 2003 amendments supersede the *Fulps* holding, the superior court's reversal of the district court's dismissal was proper.[7]

¶14 Affirmed.

DWYER, A.C.J., and APPELWICK, J., concur.

Review denied at 165 Wn.2d 1046 (2009).

---

[6] Thomas cites *State v. Chhom*, 162 Wn.2d 451, 173 P.3d 234 (2007), in support of his argument that we have authority to judicially interpret the new time-for-trial rule to allow dismissal for reasons that are beyond the express terms of the rule. In *Chhom*, the court avoided a literal interpretation of the words "detained . . . outside the county" in order to prevent absurd results. *Id.* at 458. Here, the rule that we must avoid a literal reading of the court rule if it would lead to unlikely, absurd, or strained results is not applicable.

[7] Thomas also argues that this court can affirm the dismissal on the alternative ground of governmental misconduct pursuant to CrRLJ 8.3(b). This rule provides, "The court, in the furtherance of justice after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order." Here, there was no notice, hearing, or written order on this issue at the trial court level. Moreover, on the record before this court, there is no basis for finding a level of arbitrary action or governmental misconduct that would justify dismissal. A dismissal based on CrRLJ 8.3 is not appropriate here.